IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID S.,[1]

       Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

Civ. No. 6:19-cv-00827-AA

**OPINION & ORDER**

AIKEN, District Judge:

Plaintiff David S. seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying benefits. The Commissioner concedes that the decision contains harmful error but the parties dispute whether remand should be for further proceedings or for an award of benefits. For the reasons set forth below, the decision of the Commissioner is REVERSED and REMANDED for calculation and payment of benefits.

## BACKGROUND

On October 26, 2014 Plaintiff filed a Title II application for a period of disability and disability insurance benefits alleging disability beginning on July 28, 2014. Tr. 16. The applications were denied initially and upon reconsideration and, at Plaintiff's request, a hearing was held before an Administrative Law Judge ("ALJ") on September 7, 2017, with a

---

[1] In the interest of privacy, this opinion uses only first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Page 1 – OPINION & ORDER

supplemental hearing held on January 17, 2018. *Id.* On April 30, 2018, the ALJ issued a partially favorable decision finding that Plaintiff was disabled beginning on January 17, 2018. Tr. 29-30. On April 10, 2019, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Tr. 1. This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r*, 648 F.3d 721, 724 (9th Cir. 2011).

> The five-steps are: (1) Is the claimant presently working in a substantially gainful activity? (2) Is the claimant's impairment severe? (3) Does the impairment meet or equal one of a list of specific impairments described in the regulations? (4) Is the claimant able to perform any work that he or she has done in the past? and (5) Are there significant numbers of jobs in the national economy that the claimant can perform?

*Id.* at 724-25; *see also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Bustamante*, 262 F.3d at 953. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant

is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54.

## THE ALJ'S FINDINGS

The ALJ performed the sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of July 28, 2014. Tr. 19.

At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease; peripheral neuropathy; carpal tunnel; and obesity. Tr. 19. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 20.

The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work with the following additional limitations: he can stand and walk for a combined total of three hours; he can occasionally climb ramps and stairs; he can never climb ladders, ropes, or scaffolds; he can occasionally balance, stoop, kneel, crouch, and crawl; he can frequently reach, handle, finger, and feel; he can occasionally use foot controls; he should avoid concentrated exposure to extreme temperatures, vibration, and hazards. Tr. 22.

At step four, the ALJ found Plaintiff was unable to perform any of his past relevant work. Tr. 28. At step five, the ALJ determined that, prior to January 17, 2018, Plaintiff could perform work as a cashier II, an office helper, or an electronics worker. Tr. 29. As a result, the ALJ found Plaintiff was not disabled prior to January 17, 2018. *Id.* Beginning on January 17, 2018, Plaintiff's age category changed and "considering the claimant's age, education, and work experience," the ALJ determined that Plaintiff was disabled as of that date and remained disabled through the date of the decision. *Id.*

**STANDARD OF REVIEW**

The district court must affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

When the evidence before the ALJ is subject to more than one rational interpretation, courts must defer to the ALJ's conclusion. *Batson*, 359 F.3d at 1198 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)). A reviewing court, however, cannot affirm the Commissioner's decision on a ground that the agency did not invoke in making its decision. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

**DISCUSSION**

Plaintiff alleges the ALJ erred by (1) failing to account for the opinion testimony of medical expert Harold Milstein, M.D.; (2) by failing to properly consider Medical-Vocational Guideline Rule 201.14; and (3) by improperly discounting Plaintiff's subjective symptom testimony.

The parties agree that that the ALJ erred in assessing Dr. Milstein's opinion and further agree that the decision should be reversed and remanded, but dispute whether remand should be

for further proceedings or for an award of benefits. The decision whether to remand for further proceedings or for the immediate payment of benefits lies within the discretion of the court. *Triechler v. Comm'r*, 775 F.3d 1090, 1101-02 (9th Cir. 2014). A remand for award of benefits is generally appropriate when: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed, there are no outstanding issues that must be resolved, and further administrative proceedings would not be useful; and (3) after crediting the relevant evidence, "the record, taken as a whole, leaves not the slightest uncertainty" concerning disability. *Id.* at 1100-01 (internal quotation marks and citations omitted). The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1178 n.7 (9th Cir. 2000).

In this case, the ALJ called Dr. Milstein to testify as a medical expert at the second, supplemental hearing held on January 17, 2018. Tr. 47-54. At the hearing, Dr. Milstein testified that Plaintiff had bilateral carpal tunnel syndrome. Tr. 51. In terms of function, Dr. Milstein initially testified that Plaintiff had "really no limitation" in the use of his hands. *Id.* Plaintiff's attorney was given the opportunity to examine Dr. Milstein and asked why he had assessed bilateral carpal tunnel syndrome but found no functional limitations. Tr. 52. Dr. Milstein replied "I'm ashamed to admit I wasn't accounting for that when I put the limitations on the hands. So I do want to amend that, if I may." Tr. 52-53. With the ALJ's permission, Dr. Milstein amended Plaintiff's limitations to include only occasional handling, fingering, and feeling with both the right and left hands. Tr. 53. Dr. Milstein testified that those limitations began in May 2014 and cited to specific exhibits supporting his testimony. Tr. 53-54.

The ALJ then presented the vocation expert ("VE") with a hypothetical question about a person with Plaintiff's RFC, including a limitation to frequent reaching, handling, fingering, and feeling, and the VE testified that such a person could work as a cashier II, office helper, and electronics worker. Tr. 59-61. When the ALJ further limited the hypothetical individual to occasionally handling, fingering, and feeling, the VE testified that there were no jobs that could accommodate those limitations. Tr. 61.

In formulating Plaintiff's RFC, the ALJ noted that Dr. Milstein had assessed "no limitation in [Plaintiff's] ability to use his hands." Tr. 24. The ALJ gave "moderate weight" to Dr. Milstein's opinion, but noted that the "record supports a finding that Plaintiff has some limitation in using his hands." *Id.* The parties agree that this finding was erroneous because it failed to account for Dr. Milstein's subsequent amendment of his earlier testimony, which limited Plaintiff to only occasional use of his hands.

The Court concludes that there are no outstanding factual issues necessitating further administrative proceedings. Plaintiff was first diagnosed with essential tremor and idiopathic progressive polyneuropathy in 2012. Tr. 365. An October 2015 examination of Plaintiff revealed a fine tremor in Plaintiff's outstretched hands which was worse on the right and yielded a diagnosis of peripheral neuropathy in Plaintiff's extremities and familial essential tremor. Tr. 405-06. When Plaintiff was asked to draw a diagram of intersecting pentagons and a picture of clock, the results of both drawings were described by the examining physician as "shaky." Tr. 406. The examining physician noted that Plaintiff had undergone an unsuccessful bilateral carpal tunnel release surgery in 2008. Tr. 405. Plaintiff's treatment notes from 2016 indicate that medication was not effective in treating Plaintiff's essential tremor. Tr. 460. In terms of daily activities, Plaintiff testified that he limits his household chores to 10 to 15 minutes at a time before taking a break. Tr. 81. This is

consistent with the limitations on manipulation assessed by Dr. Milstein and support his conclusion that those limitations existed prior to January 17, 2018.

The ALJ accepted that Plaintiff's neuropathy and carpal tunnel syndrome constituted severe impairments. If Dr. Milstein's opinions concerning Plaintiff's limitations in handling, fingering, and feeling are credited as true, the result compels a finding of disability based on the VE's subsequent testimony that there were no jobs that could accommodate Plaintiff's RFC in combination with an additional limitation to occasional handling, fingering, and feeling. The Court's review of the record leaves no real doubt concerning the ultimate question of disability. The Court therefore concludes that this case should be remanded for an award of benefits without reaching Plaintiff's other assignments of error.

## CONCLUSION

Pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is REVERSED and REMANDED for calculation and payment of benefits.

It is so ORDERED and DATED this ____10th____ day of February 2022.

    /s/Ann Aiken
ANN AIKEN
United States District Judge